In re BH S & B HOLDINGS
LLC, et al., Debtors.

Robert L. Geltzer, Chapter 7 Trustee
of BH S & B Holdings LLC,
Plaintiff–Appellant,

v.

Bay Harbour Management LC, et
al., Defendants–Appellees.

No. 09 Civ. 10605 (LAK).
Case No. 08–14604 (MG).
Adv. Proc. No. 09–1151 (MG).

United States District Court,
S.D. New York.

Sept. 6, 2011.

Richard P. Swanson, Arnold & Porter, LLP, Arthur Harlod Aufses, III, Yehudis S. Lewis, Kramer Levin Naftalis & Frankel, LLP, Joseph H. Einstein, Labaton Sucharow, LLP, Neal W. Cohen, Halperin Battaglia Raicht, LLP, Israel Dahan, Cadwalader, Wickersham & Taft LLP, Owen L. Cyrulnik, Grais & Ellsworth, LLP, New York, NY, for Defendants–Appellees.

## ORDER

LEWIS A. KAPLAN, District Judge.

After the debtor, BH S & B Holdings LLC ("Holdings"), filed for bankruptcy in November 2008, the Official Committee of Unsecured Creditors (the "Committee") conducted extensive discovery pursuant to Bankruptcy Rule 2004. The Committee subsequently filed an adversary proceeding against certain of Holdings' direct and indirect investors and parent companies as well as individual officers of Holdings and managers of its corporate parents. The complaint asserts that the defendants, through gross negligence and/or intentional self-interested conduct, caused Holdings to fail. More specifically, it alleges three causes of action relevant here: piercing the corporate veil, breach of fiduciary duty, and equitable recharacterization and/or subordination of a loan from one of the defendants to Holdings.

On November 24, 2009,[1] Judge Glenn dismissed all of the Committee's claims, all but one with prejudice.[2] The Committee then appealed to this Court. When the underlying Chapter 11 proceeding was converted into a Chapter 7 proceeding, the Court substituted the Chapter 7 Trustee (the "Trustee") in place of the Committee to prosecute this appeal on behalf of the debtor. The Trustee's appeal now is before me.

Substantially for the reasons articulated in the bankruptcy court's lengthy and careful opinion, the dismissal is affirmed. I write separately only to clarify one aspect of the fiduciary duty analysis, though this in no way changes the result below.

With respect to fiduciary duty, the bankruptcy court held, inter alia, that (1) the Bay Harbour and York employee defendants—members of the board of managers for Holdco, Holdings' direct, and later indirect, corporate parent—did not owe fiduciary duties of care, good faith, and loyalty to Holdings and, in any case, (2) the complaint did not plead adequately breach of any such duties.[3] For the reasons dis-

---

1. In re BH S & B Holdings, LLC, 420 B.R. 112 (Bankr.S.D.N.Y.2009).

2. The bankruptcy court gave the Committee thirty days within which to replead its claim for equitable subordination against Finco. Id. at 160. The Committee, on behalf of the debtor, indicated in its brief to this Court that it will not seek to amend the complaint unless the bankruptcy court's decision on some or all of the other claims is reversed. See Appellant Br. [DI15], at 31 n. 11.

3. See In re BH S & B Holdings, LLC, 420 B.R. at 143–50.

cussed at length in the bankruptcy court's opinion, the latter holding clearly is correct. That is, even assuming the Bay Harbour and York employee defendants did owe fiduciary duties to Holdings, the complaint fails to plead around the business judgment rule or to raise a plausible inference that any of those defendants intentionally acted disloyally for his own benefit or in bad faith.[4] In these circumstances, it is not necessary for this Court to decide whether the appellant adequately has pleaded facts which, if established, would show also that the Bay Harbour and York employee defendants owed fiduciary duties to Holdings.[5]

In all other respects, I agree with Judge Glenn's analysis and the decision below.

Moreover, I find that, in all the circumstances, he did not abuse his discretion in dismissing with prejudice all but the equitable subordination claim against Finco.[6] Accordingly, the order appealed from is affirmed in all respects.

SO ORDERED.

---

**4.** *See In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 67 (Del.2006) ("A failure to act in good faith may be shown, for instance, where the fiduciary intentionally acts with a purpose other than that of advancing the best interests of the corporation, where the fiduciary acts with the intent to violate applicable positive law, or where the fiduciary intentionally fails to act in the face of a known duty to act, demonstrating a conscious disregard for his duties.").

**5.** There is some support for the proposition that Holdco—as the sole manager of Holdings—and Holdco's board of managers might have owed fiduciary duties to Holdings if and when Holdings became insolvent. *See, e.g., In re Scott Acquisition Corp.*, 344 B.R. 283, 290 (Bankr.D.Del.2006) ("A more natural reading of Delaware law is that upon insolvency directors of a wholly-owned subsidiary owe fiduciary duties to the subsidiary and its creditors."); *In re RSL COM PRIMECALL, Inc.*, 2003 WL 22989669, at *13 (Bankr. S.D.N.Y.2003) ("It would be absurd to hold that the doctrine that directors owe special duties after insolvency is inapplicable when the insolvent company is a subsidiary of another corporation. That is precisely when a director must be most acutely sensitive to the needs of a corporation's separate community of interests, including both the parent shareholder and the corporation's creditors.").

While the pleadings on this point are unclear—and Judge Glenn's holding that the York and Bay Harbour employee defendants did not owe fiduciary duties to Holdings therefore appears justified—I find the existence of these fiduciary duties to Holdings, in all the circumstances, to be a closer question than did the court below. As indicated, however, I need not decide this point.

**6.** It is worth noting in this respect that the Committee conducted extensive discovery prior to filing the complaint and that the bankruptcy court permitted discovery to continue while the motions to dismiss were pending. *See* Record, vol. 3, Ex. 45 (Aug. 18, 2009 Conf. Tr.). Moreover, at oral argument Judge Glenn repeatedly asked the Committee, and the Committee largely failed, to identify additional facts that it would plead in support of its claims if granted permission to replead. *See id.* Ex. 52 (Sept. 8, 2009 Oral Arg. Tr.), at 99–109, 126–27, 136–37. At a subsequent conference, Judge Glenn explicitly stated that he had serious doubts about the adequacy of the pleadings and encouraged the Committee to move to amend its complaint before the established deadline and not to wait for his ruling on the motions to dismiss. *See id.* Ex. 54 (Oct. 5, 2009 Conf. Tr.), at 12–18. The Committee did not so move.