RICHARD CARABALLO et al., Appellants, v THE ART STUDENTS LEAGUE OF NEW YORK et al., Respondents. [24 NYS3d 627]—

Appeal from order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered July 25, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as moot.

Plaintiffs failed to apply for an injunction pending appeal—on the contrary, they moved for an enlargement of time within which to perfect the appeal—and construction is now "so far advanced that it could not be undone without undue hardship" (*Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y.*, 95 AD3d 747, 753 [1st Dept 2012], *affd* 20 NY3d 919 [2012]). Plaintiffs' contention that *Weeks Woodlands* does not apply because the tower being built by defendants Broadway Trio LLC and Extell Development Company (together, Extell) is not substantially complete is without merit. *Weeks Woodlands* specifically says that "construction need not be virtually completed to render the dispute moot" (*id.* [internal quotation marks omitted]).

Contrary to plaintiffs' claim that they are not seeking to enjoin the construction project, their amended complaint sought to enjoin defendant Art Students League of New York

(ASL)'s conveyance of air rights or to set it aside. The practical effect of such an injunction or setting aside would be to force Extell to demolish the construction it has accomplished to date and start over again from scratch, which would cost more than $200 million.

Plaintiffs claim that they want clarity in the interpretation of ASL's by-laws. However, courts are not in the business of rendering advisory opinions (*see Cohen v Anne C.*, 301 AD2d 446, 447 [1st Dept 2003]; *see also Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). Unlike the situation in *Matter of Venigalla v Nori* (11 NY3d 55 [2008]), ASL "know[s] what its governing document is" (*id.* at 62)—it is governed by its Constitution and By-Laws, as amended.

The case at bar does not fall under the mootness exception of "recurring novel or substantial issues [that] are sufficiently evanescent to evade review otherwise" (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729 [2004]). Based on the record, it is unlikely that ASL will sell any more air rights, let alone its building. Even if ASL were to do so, its Board of Control would have to give notice to ASL members of the vote on that issue. At that point, plaintiffs could seek a declaration that "a majority of Members entitled to vote" means a majority of all of ASL's members (both active and inactive). Concur—Mazzarelli, J.P., Moskowitz, Richter and Gische, JJ.