█ Stanley Barry, Appellant, v Clermont York Associates LLC et al., Respondents. [42 NYS3d 123]—

Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 22, 2015, which denied plaintiff's motion for leave to amend the complaint, granted defendants' motion for summary judgment dismissing the complaint, and declared that the protocol governing plaintiff's books and records request set forth in defendant Clermont York Associates LLC's October 2011 letter did not contravene its operating agreement, unanimously modified, on the law, to delete the declaration, and otherwise affirmed, without costs.

The court providently exercised its discretion in denying plaintiff's motion for leave to amend, since the motion was unsupported by evidentiary proof (*see e.g. Bag Bag v Alcobi*, 129 AD3d 649 [1st Dept 2015]). Moreover, plaintiff failed to establish a reasonable excuse for his years-long delay in moving for leave to amend (*see e.g. Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc.*, 4 AD3d 290, 293 [1st Dept 2004]). Finally, some of the proposed causes of action, such as conspiracy to commit fraud, are legally insufficient (*see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968 [1986]).

Since the court properly denied plaintiff's motion for leave to amend, the operative declaratory judgment claim is the original one. The original first cause of action did not seek a declaration regarding the protocol imposed by defendant Jeffrey Feil. Furthermore, the October 2011 letter has been superseded by a November 2012 letter. The original complaint sought a judgment declaring that plaintiff is entitled to immediate access to and inspection of Clermont's books and records. At the time plaintiff commenced this action in March 2012, there was a live dispute on this issue. However, by the time defendants moved for summary judgment (July 15, 2015), there was no longer such a dispute. Therefore, the declaratory judgment claim was moot (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714 [1980]; *Caraballo v Art Students League of N.Y.*, 136 AD3d 460, 461 [1st Dept 2016]).

Under the unusual circumstances of this case, the court properly dismissed the claim for an accounting, a form of equitable relief (*see e.g. Zimmer-Masiello, Inc. v Zimmer, Inc.*, 164 AD2d 845 [1st Dept 1990]), because it would be inequitable to the minority members of Clermont who are affiliated with neither plaintiff nor Feil to force the LLC to continue expending money on legal fees (*see McClure v Leaycraft*, 183 NY 36, 41 [1905] ["A court of equity will not do an inequitable thing"]). Concur—Friedman, J.P., Sweeny, Saxe, Kapnick and Gesmer, JJ.