Lyoussi v Etufugh (2020 NY Slip Op 06956)





Lyoussi v Etufugh


2020 NY Slip Op 06956


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 805102/16 Appeal No. 12460-12460A Case No. 2019-4406 

[*1]Jacqueline Lyoussi, Plaintiff-Respondent,
v
Ngozi Etufugh, D.D.S., et al., Defendants-Appellants.


Vigorito, Barker, Patterson Nichols & Porter, LLP, Valhalla (Adonaid C. Medina of counsel), for appellants.
Law Office of Paul T. Davis, Lake Success (Paul T. Davis of counsel), for respondent.



Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 17, 2019, and August 27, 2019, which denied defendants' motions to dismiss the complaint or preclude plaintiff from offering evidence at trial for failure to comply with discovery orders, unanimously affirmed, without costs.
The motion court providently exercised its discretion in declining to strike the complaint or preclude plaintiff from offering evidence for failure to comply with discovery orders. The court was not beholden to a prior order that warned that failure to comply would be construed as willful and contumacious but was not a conditional order that would have obviated the need for a [*2]determination of willfulness (see Board of Mgrs. of the 129 Lafayette St. Condominium v 129 Lafayette St., LLC, 103 AD3d 511 [1st Dept 2013]). Further, the history of this litigation establishes that any non-compliance on plaintiff's part was not willful, contumacious or in bad faith (see Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]). Plaintiff complied with the court's discovery orders more often than not by providing timely responses that generally evidenced a good-faith effort to address outstanding discovery meaningfully (see Kihl v Pfeffer, 94 NY2d 118, 123 [1999]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020