Country-Wide Ins. Co. v Yao Jian Ping (2021 NY Slip Op 50997(U))

[*1]

Country-Wide Ins. Co. v Yao Jian Ping

2021 NY Slip Op 50997(U) [73 Misc 3d 132(A)]

Decided on October 26, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 26, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Hagler, JJ.

570448/19

Country-Wide Insurance Company,
Plaintiff-Respondent, 
against
Yao Jian Ping, Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, New York
County (Jose A. Padilla, Jr., J.), entered March 29, 2021, which denied his motions (1) to strike
the complaint or conditionally preclude plaintiff from offering evidence at trial for failure to
comply with discovery orders, and (2) for leave to amend his answer to include a counterclaim in
the sum of $24,938.59 plus interest and statutory attorneys' fees.

Per Curiam.
Order (Jose A. Padilla, Jr., J.), entered March 29, 2021, affirmed, with $10 costs.
In this action seeking a de novo adjudication of a no-fault insurance claim following a master
arbitrator's award in excess of $5,000 (see Insurance Law § 5106[c]), Civil Court
providently exercised its discretion in denying defendant's motion to strike the complaint or to
conditionally preclude plaintiff from offering evidence for failure to comply with discovery
orders. A motion court "is afforded broad discretion in supervising disclosure and its
determinations will not be disturbed unless that discretion has been clearly abused" (Those
Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]
[internal quotation marks omitted]). Here, the motion court's finding that plaintiff's responses
were sufficient is supported by the record and was a proper exercise of discretion (see Youwanes v Steinbrech, 193 AD3d
492 [2021]; Lyoussi v Etufugh,
188 AD3d 604, 605 [2020]). Nor was the court constrained by the doctrine of law of the
case, which is inapplicable to prior discretionary conditional discovery orders (see Allstate Ins. Co. v Buziashvili, 71
AD3d 571, 572 [2010]; Brothers v Bunkoff Gen. Contrs., 296 AD2d 764, 765
[2002]).
Civil Court also providently exercised its discretion in denying defendant's eve of trial
motion to amend his answer to assert a counterclaim for $24,938.59 in no-fault benefits, where
he failed to establish a reasonable excuse for his years-long delay in moving for leave to amend
(see Barry v Clermont York Assoc.,
LLC, 144 AD3d 607, 608 [2016]). Moreover, the proposed amendment would prejudice
plaintiff at this stage of the proceedings, where discovery had been [*2]completed, a notice of trial had been filed and defendant previously
limited his recovery to $15,251.76 based upon the fee schedule.
We have reviewed defendant's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 26, 2021