■ ELVER QUICENO, Respondent, v 101 PARK AVENUE ASSOCIATES et al., Appellants. (And a Third-Party Action.) [707 NYS2d 175] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 9, 1999, which, *inter alia*, denied the motion of defendant Otis Elevator Co. to dismiss the complaint pursuant to CPLR 3126, unanimously modified, on the law and the facts, to the extent of remanding the matter to the IAS Court for consideration, after affording the parties an opportunity to be heard, of such penalty less than dismissal as the court deems just, and otherwise affirmed, without costs.

Although plaintiff's seemingly false statements about his prior medical history are not condoned, their ultimate effect was to delay defendants' discovery of the facts regarding such

history. Given that any false statements may be used to impeach plaintiff's credibility and absent any apparent prejudice to defendants, the IAS Court's refusal to sanction plaintiff pursuant to CPLR 3126, by dismissing the complaint, was not an improvident exercise of its discretion.

Nevertheless, defendant's fortuitous discovery of the information through other avenues should not serve to protect plaintiff from a sanction that would otherwise be eminently warranted. Although this Court normally would impose any additional penalty it deemed just, in this case, the parties limited their argument to the issue of whether the appropriate penalty for plaintiff's behavior was dismissal or no sanction at all. They did not address the possibility of a lesser sanction. Thus, inasmuch as we feel that some penalty is warranted, we remand the matter. Concur—Ellerin, J. P., Wallach, Lerner, Andrias and Saxe, JJ.