■ ALLSTATE INSURANCE COMPANY et al., Respondents, v ALEX BUZIASHVILI, Appellant, et al., Defendants. [897 NYS2d 88]—

Order, Supreme Court, New York County (Barbara R. Kap-

nick, J.), entered December 17, 2008, which granted plaintiffs' motion to strike defendant Alex Buziashvili's answer and for a default judgment against him, unanimously reversed, on the law and the facts, without costs, the answer reinstated, and the matter remanded to the IAS court for consideration, after affording the parties an opportunity to be heard, of such penalty less than striking the answer as the court deems just.

To the extent the court believed it was constrained by the doctrine of law of the case to strike defendant's answer upon his failure to comply with a prior discovery order, this was error. That doctrine does not apply to discretionary rulings such as case management decisions (*Brothers v Bunkoff Gen. Contrs.*, 296 AD2d 764, 765 [2002]). Moreover, the prior order did not direct, or even suggest, that defendant's answer be stricken in the event of noncompliance.

Nonetheless, the record shows that defendant's response to plaintiffs' discovery notice and court orders has been inexcusably lax (*see Figdor v City of New York*, 33 AD3d 560 [2006]). Plaintiffs first requested the patient files in dispute in a discovery notice dated August 2004. Although defendant indicated, in his March 2005 response, that he would produce any such responsive documents, he failed to do so for several years. In September 2007, in a subsequent discovery response, defendant indicated that the records were in his possession at a warehouse in Brooklyn, though he did not actually produce them at that time.

At a November 27, 2007 conference, the court ordered defendant to produce the records. In January 2008, defendant granted plaintiffs access to the warehouse where the files were kept. This access, however, was not meaningful because the records were intermixed among hundreds of boxes of nonresponsive and irrelevant documents. Plaintiffs sought further relief and, at an April 25, 2008 conference, the court ordered defendant to review and segregate the documents and make them available for inspection at the warehouse by September 1, 2008. Despite the generous amount of time given by the court, defendant did not produce any of the patient files by the deadline. Nor did defendant ask plaintiffs, or the court, for additional time to comply, or seek a protective order. Instead, defendant simply ignored the court order. It was not until several weeks after the deadline had passed that defendant produced only a small portion of the documents.

We find that defendant's course of conduct in failing to produce the files was willful and warrants imposition of some sanction. It took defendant four years from the first discovery

request to produce only a small number of the documents in question. Even when the court gave defendant an additional four months to cure the noncompliance, defendant ignored the court mandate. Defendant offers no convincing explanation for the lengthy delay in turning over the patient files. He does not point to anything in the record to support his claim that there were outstanding issues as to privilege and ownership of the documents. Defendant's excuse that producing the documents was a drain on his time and that his energy and resources should be devoted to more important tasks is insufficient to justify violation of a court order.

Nevertheless, because defendant did make a partial production of the documents and, in response to plaintiffs' motion to strike, indicated his willingness to continue production, we do not believe that the extreme sanction of striking the answer was appropriate. We also note that the court's orders did not warn defendant that his answer might be stricken if he did not comply, nor did the court issue a conditional order (cf. Garcia v Defex, 59 AD3d 183 [2009]). There is no indication that such a warning was given orally at any conferences and there was no prior motion practice that might have apprised defendant of the serious consequences he faced for continued noncompliance.

Under these circumstances, we believe that a lesser sanction is appropriate. Although this Court normally would impose the penalty it deemed just, the parties here limited their argument to the issue of whether the appropriate penalty for defendant's behavior was striking the answer or no sanction at all. Since they did not address the possibility of a lesser sanction and because we believe that some penalty is warranted, we remand the matter (see Quiceno v 101 Park Ave. Assoc., 272 AD2d 107 [2000]). Concur—Gonzalez, P.J., Moskowitz, Richter and Román, JJ.