■ Bridget De Socio, Respondent, v 136 East 56th Street Owners, Inc., et al., Appellants. [903 NYS2d 45]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered on or about February 19, 2009, which, to the extent appealed from, granted plaintiff's motion pursuant to CPLR 3126 to strike the answer for failure to provide discovery, unanimously reversed, on the law and the facts, without costs, the motion denied, the answer reinstated, and the matter remanded for consideration, after affording the parties an opportunity to be heard, of such lesser penalty than striking the answer, as the court deems just.

The preliminary conference in this matter was held on April 25, 2007, and plaintiff's first document request is dated August 7, 2007. During 2007 and 2008, several conferences were held

and defendants were directed to respond to plaintiff's discovery demands. In March 2008, plaintiff sent a second document demand requesting, among other things, all minutes of the board concerning this litigation and all documents concerning this litigation in the custody or control of the current management company for the building. In June 2008, plaintiff's counsel wrote to defendants' counsel noting that defendants had failed to comply with the court's discovery orders. The letter apprised counsel that a motion seeking appropriate sanctions would be filed unless defendants complied with all court orders immediately. On July 30, 2008, plaintiff's counsel again wrote to defendants' counsel, noting that there had been no response to the June letter and enclosing a draft notice of motion. On July 31, 2008, defendants' counsel responded that there would be a complete response to the letter by August 8 and that there was no need for plaintiff to make a motion. On September 12, 2008, after failing to receive the requested discovery, plaintiff's counsel again wrote to defendants' attorney indicating that plaintiff intended to file a sanctions motion. It is that motion, which sought either striking of the answer or a conditional order of preclusion, which is the subject of this appeal.

In opposition to the motion, defendants provided an affidavit from Stuart Smolar, the current property manager of defendant 136 East 56th Street, who explained that after receiving copies of plaintiff's document demands on October 28, 2008, he and another property manager searched various files and document indexes but were unable to locate any responsive materials. Defendant Heron no longer exists as an operating company; its assets were purchased by Halstead Management Company.* After the motion was filed, defendants' counsel sent a subpoena to Halstead seeking documents and materials related to the subject of this litigation. In response, counsel received an affidavit from Charles Mintz, an employee of Halstead, who explained that Halstead had no records regarding the subject of this litigation. That affidavit was provided to the court as part of defendants' response to the sanctions motion.

Although the determination of an appropriate sanction pursuant to CPLR 3126 lies in the trial court's discretion and should not be set aside absent a clear abuse of discretion (*Arts4All, Ltd. v Hancock*, 54 AD3d 286, 286 [2008], *affd* 12 NY3d 846 [2009], *cert denied* 559 US —, 130 S Ct 1301 [2010]), here the trial court made no findings of fact and offered no explanation for its decision to strike the answer. Thus, no basis exists for deferring to the trial court's determination.

---

* Plaintiff disputes this claim, noting that filings with the State suggest that Heron is an active corporation.

Although defendants now claim that the documents cannot be located because of the change in the building's management, they offer no credible reason for their failure to provide this simple explanation to either plaintiff or the court until after the sanctions motion was filed. The record does not show that defendants ever alerted the court to the possibility that they could not locate the records, despite the fact that the court kept extending their deadline to produce them. The affidavits from Mintz and Smolar do not show that any search was conducted during the year and a half this case was pending. It is noteworthy that defendants' submissions do not explain whether the records ever existed, but merely state that no records could be found as of late October 2008. Moreover, the opposition papers are silent as to whether board minutes from 2003, among the items requested, are retained by anyone currently on the board or by corporate counsel.

Defendants' behavior in this matter cannot be excused. Their exhibited pattern of noncompliance and their failure to account for their actions over a period of a year and a half warrant a penalty pursuant to CPLR 3126 (*see Figdor v City of New York*, 33 AD3d 560 [2006]). Although defendants try to justify their own inaction by focusing on plaintiff's alleged discovery delays, defendants were not entitled to ignore the court's orders merely because plaintiff may not have been deposed.

Nonetheless, as this Court recently noted, "mere lack of diligence in furnishing some of the requested materials may not be grounds for striking a pleading" (*Elias v City of New York*, 71 AD3d 506, 507 [2010]). "While the conduct of defendant[s] here was unsupportable, we cannot find that it rose to the level that would justify striking the answer" (*Virola v New York City Hous. Auth.*, 185 AD2d 122, 124 [1992]), particularly in light of the fact that defendants, albeit belatedly, have now come forward with an explanation for the nonproduction. We believe that some lesser sanction, monetary or otherwise, is warranted, and we remand the matter for the court to determine the appropriate sanction (*see Allstate Ins. Co. v Buziashvili*, 71 AD3d 571 [2010]; *see also Elias v City of New York*, 71 AD3d at 507). Concur—Saxe, J.P., Catterson, Renwick, Richter and Abdus-Salaam, JJ.

