# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1268**
**CA 12-00868**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

CHAMBERLAIN, D'AMANDA, OPPENHEIMER &
GREENFIELD LLP, PLAINTIFF,

                    V                                    MEMORANDUM AND ORDER

REBECCA P. WILSON, DEFENDANT-APPELLANT.
----------------------------------------
J. RICHARD WILSON AND STEPHEN M.
JACOBSTEIN, RESPONDENTS.

---

M W MOODY LLC, NEW YORK CITY (MARK WARREN MOODY OF COUNSEL), FOR
DEFENDANT-APPELLANT.

KAMAN, BERLOVE, MARAFIOTI, JACOBSTEIN & GOLDMAN, LLP, ROCHESTER
(RICHARD GLEN CURTIS OF COUNSEL), FOR RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered August 10, 2011. The order, among other things, denied in part the motion of defendant to compel disclosure from J. Richard Wilson and Stephen M. Jacobstein.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the condition in the third ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order that, inter alia, denied her motion to compel insofar as it sought disclosure from her ex-husband, nonparty respondent J. Richard Wilson, and conditioned disclosure from her ex-husband's attorney, nonparty respondent Steven M. Jacobstein, upon her stipulation not to seek to "re-open" the divorce from her ex-husband.

Contrary to defendant's contention, the ex-husband did not waive his objection to the disclosure sought by failing to seek a protective order in a timely manner. The party seeking disclosure is obligated to move to compel such disclosure when confronted with a refusal to disclose; "no longer may the party who served a discovery notice rely upon the recipient's failure to seek a protective order" (*Pyron v Banque Francaise du Commerce Exterieur*, 256 AD2d 204, 205).

Defendant further contends that Supreme Court erred in both denying her motion to compel to the extent that it sought disclosure from her ex-husband, a nonparty to the underlying action between

defendant and her former attorneys, and in imposing a condition on the disclosure from the ex-husband's attorney.  "The supervision of discovery, the setting of reasonable terms and conditions for disclosure, and the determination of whether a particular discovery demand is appropriate, are all matters within the sound discretion of the trial court" (*Kooper v Kooper*, 74 AD3d 6, 17).  While we conclude that the Court did not abuse its discretion under the circumstances of this case by refusing to compel disclosure from defendant's ex-husband (*see* CPLR 3101 [a] [4]; *cf.* CPLR 3101 [a] [1]), we do agree with defendant that the court abused its discretion by conditioning disclosure from her ex-husband's attorney "upon defendant supplying [the attorney] with a stipulation not to seek re-opening [of] any aspect of the divorce, within five (5) days of this Order."  We therefore modify the order by vacating that condition.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court