# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**807**
**CA 15-01241**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

DAWN M. PLACE, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHAFFEE-SARDINIA VOLUNTEER FIRE COMPANY AND
JOHN VAN CURRAN, DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

BURDEN, GULISANO & HANSEN, LLC, BUFFALO (SARAH HANSEN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LAW OFFICES OF JAMES MORRIS, BUFFALO (WILLARD M. POTTLE, JR., OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R.
Glownia, J.), entered June 1, 2015.  The order, insofar as appealed
from, denied those parts of the cross motion of defendants seeking to
strike the complaint, to dismiss the action and to impose sanctions.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of defendants'
cross motion seeking the imposition of sanctions pursuant to 22 NYCRR
130-1.1 (a) and as modified the order is affirmed without costs, and
the matter is remitted to Supreme Court, Erie County, for further
proceedings in accordance with the following memorandum:  Plaintiff
commenced this action seeking damages for alleged sexual harassment.
In appeal No. 1, defendants appeal from an order that, inter alia,
denied those parts of their cross motion seeking to strike the
complaint and dismiss the action pursuant to CPLR 3126 (3) and to
impose sanctions, including fees and costs, pursuant to 22 NYCRR 130-
1.1.  In appeal No. 2, defendants appeal from an order that held in
abeyance that part of their motion seeking to strike the note of issue
and certificate of readiness and denied that part of their motion
seeking sanctions pursuant to 22 NYCRR 130-1.1 in addition to those
sought in their cross motion.

In appeal No. 1, we conclude that Supreme Court did not err in
refusing to strike the complaint and dismiss the action pursuant to
CPLR 3126 (3).  "[I]t is well settled that the court has broad
discretion to determine motions under [CPLR 3126] and that the
dismissal sanction is considered a harsh remedy" (*Strauss v Vladeck*,
173 AD2d 1063, 1064).  Although plaintiff's conduct in this case was
unacceptable, we cannot conclude that the court abused its discretion
in refusing to strike the complaint (*see Quiceno v 101 Park Ave.*

*Assoc.*, 272 AD2d 107, 107-108).  We agree with defendants, however, that plaintiff's conduct warrants a sanction under 22 NYCRR 130-1.1.

Pursuant to 22 NYCRR 130-1.1 (a), a court may award to any party fees and costs resulting from frivolous conduct, i.e., conduct that is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; . . . [or that is] undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or . . . asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]).  Factors to consider in determining whether the conduct undertaken was frivolous include "the circumstances under which the conduct took place," and whether "the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party" (*id.*).

Here, plaintiff's conduct was clearly frivolous inasmuch as she submitted an affidavit that disregarded a court order and, in response to a second order, she submitted a second affidavit that contained a material falsehood.  When that conduct is viewed along with plaintiff's failure to comply with discovery demands and other orders, we conclude that it was an abuse of discretion for the court to refuse to sanction plaintiff.  We therefore modify the order in appeal No. 1 by granting that part of defendants' cross motion seeking sanctions pursuant to 22 NYCRR 130-1.1, and we remit the matter to Supreme Court for the determination of an appropriate sanction (*see generally Page v Niagara Falls Mem. Med. Ctr.*, 141 AD3d 1084, 1085; *Matter of Wagner*, 114 AD3d 1235, 1238).

In appeal No. 2, we agree with defendants that the court erred in holding in abeyance that part of their motion seeking to strike the note of issue and certificate of readiness and instead should have granted that part of their motion.  It is well established that a note of issue should be vacated when it is based upon a certificate of readiness that contains an erroneous material fact (*see Donald v Ahern*, 96 AD3d 1608, 1611).  Here, defendants established that discovery was incomplete when the note of issue and certificate of readiness were filed, and they therefore established that " 'a material fact in the certificate of readiness [was] incorrect' " (*Suphankomut v Chi-The Yu*, 66 AD3d 1360, 1360; *see Erena v Colavita Pasta & Olive Oil Corp.*, 199 AD2d 729, 730, *lv dismissed* 83 NY2d 847).  We therefore modify the order in appeal No. 2 accordingly.

Contrary to defendants' final contention in appeal No. 2, we perceive no abuse of discretion in the court's denial of that part of the motion seeking additional sanctions pursuant to 22 NYCRR 130-1.1.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court