Woloszuk v Logan-Young (2018 NY Slip Op 04176)





Woloszuk v Logan-Young


2018 NY Slip Op 04176


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND TROUTMAN, JJ.


648 CA 15-00493

[*1]JACEK WOLOSZUK, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ELLEN WOLOSZUK, DECEASED, PLAINTIFF-RESPONDENT,
v
WENDE LOGAN-YOUNG, M.D., DOING BUSINESS AS ELIZABETH WENDE BREAST CLINIC, WENDE LOGAN-YOUNG, M.D., PHILIP MURPHY, M.D., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 






UNDERBERG & KESSLER LLP, ROCHESTER (MARGARET E. SOMERSET OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
PAUL WILLIAM BELTZ, P.C., BUFFALO (ANNE B. RIMMLER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered May 27, 2014. The order denied the motion of defendants Wende Logan-Young, M.D., doing business as Elizabeth Wende Breast Clinic, Wende Logan-Young, M.D., and Philip Murphy, M.D., for leave to amend their answers. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Ellen Woloszuk (decedent) and Jacek Woloszuk (plaintiff) commenced this action seeking damages for defendants' alleged medical malpractice in failing to make a timely diagnosis of decedent's breast cancer. Wende Logan-Young, M.D., doing business as Elizabeth Wende Breast Clinic (Clinic), Wende Logan-Young, M.D., and Philip Murphy, M.D. (defendants) now appeal from five orders. We note at the outset that, although the Clinic was not named in the notice of appeal from the order in appeal No. 2, we deem the notice of appeal as amended to add the name of the Clinic in the absence of any indication that plaintiff was misled or prejudiced by the omission (see Texido v Waters of Orchard Park, 300 AD2d 1150, 1150 [4th Dept 2002]). We dismiss the appeal from the amended order in appeal No. 5 inasmuch as it "did not effect a material or substantial change' " to the order in appeal No. 4 (Reading v Fabiano [appeal No. 2], 126 AD3d 1523, 1524 [4th Dept 2015]).
With respect to appeal No. 1, we reject defendants' contention that Supreme Court abused its discretion in denying their motion seeking leave to amend their answers to add the statute of limitations as an affirmative defense. It is well settled that, "[i]n the absence of prejudice or surprise, leave to amend a pleading should be freely granted" (Boxhorn v Alliance Imaging, Inc., 74 AD3d 1735, 1735 [4th Dept 2010]; see CPLR 3025 [b]; Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]; Holst v Liberatore, 105 AD3d 1374, 1374 [4th Dept 2013]). Here, plaintiff established in opposition to the motion that he would be prejudiced by the late amendment of the answer (see Oakes v Patel, 20 NY3d 633, 646 [2013]; Civil Serv. Empls. Assn. v County of Nassau, 144 AD3d 1077, 1078-1079 [2d Dept 2016]; cf. Putrelo Constr. Co. v Town of Marcy, 137 AD3d 1591, 1592-1593 [4th Dept 2016]).
Addressing next the orders in appeal Nos. 3 and 4, we agree with defendants that the court abused its discretion in striking the answer of the Clinic based on a discovery violation. [*2]Decedent had mammograms done at the Clinic in 2006 and 2007. The Clinic uses a Computer Aided Detection (CAD) software program when it conducts mammograms. The CAD program assists radiologists reading the mammograms by using algorithms to identify calcifications and masses and then superimposing markers upon the mammogram image. Plaintiff's September 2009 notice to produce sought "CAD findings/CAD printouts/CAD pictures or diagrams," and also sought "[a]ll algorithms regarding breast mass/breast exam/breast cancer screening." Defendants responded to the demand by producing a single-page image report showing CAD markers from decedent's 2006 mammogram, which was the only image report in decedent's file. In September 2012, plaintiff demanded that defendants produce the CAD program "report and/or CAD interpretation" for decedent's 2007 mammogram. Although no CAD report had been printed from the 2007 mammogram and placed in decedent's file, defendants went back to the digital file and printed the screen shot that showed the CAD markers on the mammogram. In 2011, an unrelated action against the Clinic proceeded to trial, and the Clinic became aware that CAD "structured" reports could be generated from a patient's digital mammogram file. Using a specific computer program, a multiple-page CAD structured report containing additional data about the CAD process could be generated. The plaintiff's expert in the unrelated action was able to generate such a report.
On March 3, 2014, just prior to the scheduled date for trial, plaintiff issued a subpoena duces tecum on defendants requesting CAD structured reports. Defendants objected to the subpoena and, on March 12, 2014, plaintiff moved to strike defendants' answers or for other sanctions for defendants' discovery violation. In response, defendants were eventually able to generate the CAD structured reports and provided them to plaintiff.
Defendants' contention that plaintiff's motion to strike was untimely and procedurely defective is raised for the first time on appeal and is therefore not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). On the merits of the motion, although we agree with the court that plaintiff established that a discovery violation occurred, we conclude that the sanction of striking the answer of the Clinic was too severe under the circumstances of this case (see Koehler v Midtown Athletic Club, LLP, 55 AD3d 1444, 1445 [4th Dept 2008]). This case is not similar to a spoliation case because the CAD structured reports were never destroyed but, rather, were not generated and produced in a timely manner (see Allstate Ins. Co. v Buziashvili, 71 AD3d 571, 572-573 [1st Dept 2010]). We conclude that the Clinic should be sanctioned by imposing costs upon it for any additional expenses plaintiff incurred as a result of the delay in disclosure (see Friedman, Harfenist, Langer & Kraut v Rosenthal, 79 AD3d 798, 801 [2d Dept 2010]). We therefore modify the order in appeal No. 3 by vacating that part of the first ordering paragraph striking the answer of the Clinic, and we modify the order in appeal No. 4 by vacating the third ordering paragraph and substituting therefor a provision directing the Clinic to reimburse plaintiff for expenses incurred as a result of the delayed disclosure of the CAD structured reports.
With respect to appeal No. 2, we reject defendants' contention that the court abused its discretion in denying their motion to the extent that they sought leave to renew their opposition to plaintiff's motion to strike. Even assuming, arguendo, that defendants had a reasonable justification for failing to present the new evidence in opposition to plaintiff's motion (see CPLR 2221 [e] [3]), we conclude that the new evidence would not change the court's prior determination (see CPLR 2221 [e] [2]).
We have considered defendants' remaining contentions and conclude that they are without merit.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court