Backer & Assoc., LLC v PPB Eng'g & Sys. Design, Inc. (2019 NY Slip Op 04541)





Backer & Assoc., LLC v PPB Eng'g & Sys. Design, Inc.


2019 NY Slip Op 04541


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


103 CA 18-01601

[*1]BACKER & ASSOCIATES, LLC, AND MARCELLA BACKER, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v
PPB ENGINEERING & SYSTEMS DESIGN, INC., AND WESLEY POFF, INDIVIDUALLY, DEFENDANTS-APPELLANTS. 






HARRIS, CHESWORTH, JOHNSTONE & WELCH, LLP, ROCHESTER (KAREN R. SANDERS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
THE GLENNON LAW FIRM, P.C., ROCHESTER (FRANK J. FIELDS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered November 8, 2017. The order denied the motion of defendants seeking, inter alia, to vacate the note of issue and certificate of readiness. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking to vacate the note of issue and certificate of readiness, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs provided defendant PPB Engineering & Systems Design, Inc. (PPB) with consulting services with respect to the design, manufacture and operation of optical fiber preforms. After PPB terminated its independent contractor agreement with plaintiffs, plaintiffs commenced this action and asserted causes of action for breach of contract, unjust enrichment and conversion. Defendants appeal from an order that denied their motion to vacate the note of issue and certificate of readiness and for a protective order.
We agree with defendants that Supreme Court erred in denying that part of their motion seeking to vacate the note of issue and certificate of readiness. It is well established that "a note of issue should be vacated when it is based upon a certificate of readiness that contains erroneous facts" (Cromer v Yellen, 268 AD2d 381, 381 [1st Dept 2000]). Here, contrary to the statements on the certificate of readiness, discovery was incomplete when the note of issue and certificate of readiness were filed. Thus, "a material fact in the certificate of readiness [was] incorrect," and the note of issue and certificate of readiness must be vacated (Donald v Ahern, 96 AD3d 1608, 1611 [4th Dept 2012] [internal quotation marks omitted]; see 22 NYCRR 202.21 [e]; Place v Chaffee-Sardinia Volunteer Fire Co., 143 AD3d 1271, 1273 [4th Dept 2016]; Simon v City of Syracuse Police Dept., 13 AD3d 1228, 1229 [4th Dept 2004], lv dismissed 5 NY3d 746 [2005]). We therefore modify the order accordingly.
Contrary to defendants' further contention, the court did not abuse its discretion in denying their application for a protective order for the purpose of protecting defendants' intellectual property and trade secrets. " The supervision of discovery, the setting of reasonable terms and conditions for disclosure, and the determination of whether a particular discovery demand is appropriate, are all matters within the sound discretion of the trial court' " (Chamberlain, D'Amanda, Oppenheimer & Greenfield LLP v Wilson, 101 AD3d 1640, 1641 [4th Dept 2012]). Thus, "the court's determination of discovery issues should be disturbed only upon a showing of clear abuse of discretion" (Roswell Park Cancer Inst. Corp. v Sodexho Am., LLC, 68 AD3d 1720, 1721 [4th Dept 2009]). Here, in their motion, defendants requested that the court issue a protective order that included the designation of a third-party neutral expert and an "attorney and expert eyes only" designation for disclosure. The court denied defendants' request, and directed the parties to execute a confidentiality stipulation and order and to proceed with [*2]discovery pursuant to Rule 11-g of the Rules of the Commercial Division of the Supreme Court (see 22 NYCRR 202.70). The confidentiality stipulation and order provides, inter alia, that "Confidential Information shall be utilized by the Receiving Party and its Counsel only for purposes of this litigation and for no other purposes. Any violation of this Stipulation and Order may be enforced as a contempt of Court." We conclude that the court provided defendants with adequate protection of their intellectual property and trade secrets.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court