Patriarch Partners Mgt. Group, LLC v Stila Styles, LLC (2024 NY Slip Op 06164)

Patriarch Partners Mgt. Group, LLC v Stila Styles, LLC

2024 NY Slip Op 06164

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Index No. 652688/23 Appeal No. 3219-3220 Case No. 2024-03033, 2024-03794 

[*1]Patriarch Partners Management Group, LLC, Plaintiff-Respondent,
v
Stila Styles, LLC, Defendant-Appellant. 

Hogan Lovells US LLP, New York (David Dunn of counsel), for appellant.
Gibson, Dunn & Crutcher LLP, New York (Mary Beth Maloney of counsel), for respondent.

Order, Supreme Court, New York County (Nancy Bannon, J.), entered on or about March 26, 2024, which, to the extent appealed from as limited by the briefs, sub silentio denied defendant's motion for a stay of this action in favor of a prior pending action in the United States Bankruptcy Court for the District of Delaware, unanimously reversed, on the law, with costs, to grant a stay of the action pending outcome of the Delaware Bankruptcy Action. Order, same court and Justice, entered May 22, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion to renew, unanimously dismissed, without costs, as moot.
Initially, because Supreme Court did not make any findings of fact or state any reasons for the first order, we review it de novo (see De Socio v 136 E. 56th St. Owners, Inc., 74 AD3d 606, 607 [1st Dept 2010]).
In considering whether to issue a stay, the court should consider the overlap of the parties and issues in the two actions, as well as the risk of inconsistent rulings and the effect of a stay on judicial economy (see Asher v Abbott Labs., 307 AD2d 211, 211-212 [1st Dept 2003]). Here, those factors militate in favor of a stay.
Both parties in this case are parties in the bankruptcy action. Although defendant is merely a nominal defendant there, the issues litigated clearly affect its rights. In that action, the court is considering whether the agreement at issue here was terminated, and whether that agreement was the product of a breach of fiduciary duty. The issues in the bankruptcy court are broader, in particular because they address these issues for a group of companies that, along with defendant here, were under common control. However, that militates in favor of a stay, not against it (see Dietz v Linde Gas N. Am., LLC, 178 AD3d 469, 470 [1st Dept 2019]).
While the bankruptcy action is proceeding slowly, because of its complexity, the resolution of issues there may obviate the need for a trial here. The reverse, however, is not true. For this reason, judicial economy is served by a stay (see Mahar v General Elec. Co., 65 Misc 3d 1121, 1131 [Sup Ct, NY County 2019]).
In view of the foregoing, the appeal from the denial of the motion to renew is dismissed as moot. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024