Vera v Xolle Demo LLC

2026 NY Slip Op 02232

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ruben Lopez Vera, Plaintiff-Respondent,

v

Xolle Demo LLC, Defendant-Appellant, Starwood Group LLC, Defendant. And a Third-Party Action

Decided and Entered: April 14, 2026

Index No. 806929/22|Appeal No. 6017|Case No. 2024-05210|

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ.

Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York (Dejon Delpino of counsel), for appellant.

Rubin Law, PLLC, New York (Denise A. Rubin of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about July 15, 2024, which granted plaintiff's motion pursuant to CPLR 3126 to strike defendant Xolle Demo LLC's answer for failure to respond to plaintiff's demand for discovery and inspection and for excess insurance information, unanimously reversed, on the law, without costs, the motion denied, the answer reinstated, and the matter remanded for consideration of a lesser penalty.

In this personal injury matter, plaintiff served defendant Xolle Demo LLC with discovery demands on February 21, 2023. The demands were separated into two documents: a "Notice of Discovery and Inspection and Combined Demands" (D&I Notice) and a "Demand for Notice of Discovery and Inspection" (D&I Demand). The D&I Notice requested information relating to, among other things, witnesses, insurance coverage, accident reports, and expert testimony, and demanded a bill of particulars. The D&I Demand requested myriad documents, including construction contracts, work orders, insurance policies, plaintiff's employment file, and training materials.

After a month passed with no response, plaintiff served Xolle with a good-faith letter on March 27, 2023, requesting a response to its discovery demands. The following day, the court issued a preliminary conference order (PC order) directing defendants to respond to plaintiff's discovery demands "in 30 days." The PC order warned the parties that "in the event of non-compliance, costs or other sanctions may be imposed."

Despite the warning, Xolle failed to meet the court's 30-day deadline, prompting plaintiff to file a motion to compel on May 1, 2023. In the affirmation in support, plaintiff's counsel stated that "[i]n the two months since Plaintiff served his Combined Demands, [Xolle] has not responded." Xolle eventually responded to the D&I Notice on August 18, 2023, though it is unclear if Xolle responded to the D&I Demand. In its response to the D&I Notice, Xolle provided plaintiff with the name, policy number, and monetary limits of its insurance policies and explained that it did not have information relating to witnesses; had not yet retained an expert; and did not currently possess accident reports, photographs of the scene of the incident, surveillance, and plaintiff's statements. Xolle also responded to plaintiff's demand for a bill of particulars, by, among other things, providing a description of plaintiff's alleged negligence in the personal injury incident, and the name of an entity it believed should have been joined as a necessary party.

[*2]

By order dated August 24, 2023, the court granted plaintiff's motion to compel solely "to the extent that the parties are directed to appear September 28, 2023" for a court conference. The parties appeared for a conference on September 28, 2023, and on that day, the court issued a compliance conference order which directed Xolle to respond to plaintiff's discovery demands by November 13, 2023 and warned Xolle that failure to comply could result in penalties including costs and sanctions.

On December 1, 2023, two weeks after the November 13, 2023 deadline passed without Xolle's compliance, plaintiff filed a motion to strike Xolle's answer. Plaintiff asserted that Xolle provided only partial responses to his discovery demands, but he did not detail what information or documentation remained outstanding. In response, Xolle argued that striking its answer would be too drastic a penalty, but it did not address the merits of plaintiff's claim that it had not substantially complied with discovery. By February 8, 2024 so-ordered stipulation, Xolle agreed to respond to plaintiff's discovery demands by February 23, 2024 and if it failed to do so, plaintiff was permitted to file a reply to its motion to strike and to notify the court that Xolle had not properly responded. Xolle did not comply, and upon plaintiff's notification to the court, the court granted plaintiff's motion to strike. The order did not specify what information remained outstanding as the basis for the sanction.

Striking a pleading pursuant to CPLR 3126 is a "drastic remedy" justified by a "long-standing pattern of willful or contumacious failure to comply with discovery demands or orders" (Farrell Limousine Serv. LLC v Macro Consultants LLC, 231 AD3d 667, 668 [1st Dept 2024]). The burden is on the moving party to establish that the failure to comply with discovery demands was willful (see Pimental v City of New York, 246 AD2d 467, 468 [1st Dept 1998]). Here, Xolle's piecemeal response to plaintiff's discovery demands lacked diligence but was not willful or contumacious.

[*3]

It appears that Xolle violated three discovery orders — namely, the March 28, 2023 PC order, the September 28, 2023 compliance conference order, and the February 8, 2024 so-ordered stipulation, all of which warned Xolle that failure to comply could result in sanctions against it. However, there is no dispute that Xolle partially responded to plaintiff's discovery demands, which included information regarding its insurance policies, contrary to plaintiff's assertion that Xolle failed to provide such information. Moreover, it is not clear what information and documentation remains outstanding. Neither party has identified in sufficient detail the status of discovery and we cannot rely on information outside the record (see e.g. CIS Air Corp. v Express One Intl., 298 AD2d 317, 317 [1st Dept 2002]). We further note that plaintiff has not identified any prejudice stemming from Xolle's behavior (see Stier v One Bryant Park LLC, 122 AD3d 505, 505 [1st Dept 2014]). Accordingly, the drastic remedy of striking Xolle's answer and precluding it from introducing any defense at trial was not warranted (see Lane v City of New York, 210 AD3d 502, 503 [1st Dept 2022]; De Socio v 136 E. 56th St. Owners, Inc., 74 AD3d 606, 608 [1st Dept 2010]). We therefore remand the matter for Supreme Court to determine an appropriate sanction, whether monetary or otherwise (see De Socio, 74 AD3d at 608).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026