Benefit St. Partners Operating Partnership, L.P. v 96 Wythe Acquisition LLC (2021 NY Slip Op 00988)





Benefit St. Partners Operating Partnership, L.P. v 96 Wythe Acquisition LLC


2021 NY Slip Op 00988


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Index No. 653396/19 Appeal No. 13138 Case No. 2020-03532 

[*1]Benefit Street Partners Operating Partnership, L.P., Plaintiff-Appellant,
v
96 Wythe Acquisition LLC, et al. Defendants-Respondents, Rent A Unit NY Inc., et al., Defendants


Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for appellant.
Law Office of Abigail Shvartsman, P.C., Brooklyn (Abigail Shvartsman of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered April 9, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its foreclosure claim as against defendants 96 Wythe Acquisition LLC, Toby Moskovits, and Yechiel Michael Lichtenstein, and dismissing defendants' remaining affirmative defenses and counterclaims, unanimously reversed, on the law, with costs, and the motion granted.
Plaintiff established prima facie entitlement to summary judgment by producing the mortgage, note, and guaranty executed by defendants, and evidence of defendants' default on their obligations thereunder, including their failure to timely repay the principal balance of the loan (see Wilmington Trust v Sukhu, 155 AD3d 591, 591-592 [1st Dept 2017]). Defendants failed to rebut that evidence, and they waived their affirmative defenses and counterclaims (see Fortress Credit Corp. v Hudson Yards, LLC, 78 AD3d 577 [1st Dept 2010]; Red Tulip LLC v Neiva, 44 AD3d 204, 209—210 [2007], lv dismissed 10 NY3d 741 [2008]). The record does not support defendants' contention that the waiver of defenses provisions was rendered ineffective because the lender caused or contributed to the loan default. In any event, the defenses and counterclaims were not viable.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021