1781 Riverside LLC v Hidalgo (2022 NY Slip Op 05580)

1781 Riverside LLC v Hidalgo

2022 NY Slip Op 05580

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 655468/20 Appeal No. 16363 Case No. 2021-04329 

[*1]1781 Riverside LLC, Plaintiff-Appellant,
v
Lisbeth Hidalgo, Defendant-Respondent.

Sidrane, Schwartz-Sidrane, Perinbasekar & Littman, LLP, Rockville Centre (Miles F. Altarac of counsel), for appellant.
Manhattan Legal Services, New York (Steven Heller of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.) entered April 7, 2021, which denied plaintiff's motion to amend the complaint to add a cause of action for quantum meruit and unjust enrichment, unanimously affirmed, with costs.
The court providently exercised its discretion in denying the motion to amend, as proposed amendment was palpably insufficient (see Y.A. v Conair Corp., 154 AD3d 611, 612 [1st Dept 2017]). Plaintiff failed to allege that it was in compliance with the stipulation and order from two earlier summary proceedings brought by plaintiff against defendant, and also acknowledges that since February 28, 2017, it has failed to offer defendant a renewal lease as required by Rent Stabilization Code [9 NYCRR]
§§ 2522.5(b)(1) and 2523.5(a). Thus, the quantum meruit and unjust enrichment claim failed to allege facts that would establish plaintiff's good faith — a necessary allegation to support an equitable claim (see Soumayah v Minnelli, 41 AD3d 390, 391 [1st Dept 2007], appeal withdrawn 9 NY3d 989 [2007]).
The failure to tender a renewal lease to a rent-stabilized tenant alone "does not constitute a waiver of rent; it simply requires that plaintiff prove the rent through quantum meruit, or some subsequent agreement of the parties" (B.N. Realty Assoc. v Lichtenstein, 96 AD3d 434, 435 [1st Dept 2012]). Nevertheless, because plaintiff's proposed amendment failed to allege a good faith performance of services, the equitable claim is still palpably insufficient (Haberman v Singer, 3 AD3d 188, 192 [1st Dept 2004]). Similarly, plaintiff alleges that defendant agreed to pay use and occupancy in the 2017 summary proceeding but does not allege that plaintiff fulfilled the terms of that agreement, thus falling short of alleging its entitlement to an equitable remedy.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022