Norman Realty & Constr. Corp. v 151 E. 170th Lender LLC (2023 NY Slip Op 01843)

Norman Realty & Constr. Corp. v 151 E. 170th Lender LLC

2023 NY Slip Op 01843

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J., Kapnick, Friedman, Moulton, Kennedy, JJ. 

Index No. 802734/21E Appeal No. 17654 Case No. 2022-04219 

[*1]Norman Realty & Construction Corporation, Plaintiff-Appellant,
v
151 East 170th Lender LLC, Defendant/Counterclaim Plaintiff-Respondent, Michael J. Mason et al., Additional Counterclaim Defendants-Appellants, et al., Edward Macias, Doing Business as Kath-Ed Bakery et al., Additional Counterclaim Defendants.

Munzer & Saunders, LLP, New York (Craig A. Saunders of counsel), for appellants.
Armstrong Teasdale LLP, New York (Andrew T. Lolli of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered March 23, 2022, which, to the extent appealed from as limited by the briefs, granted defendant lender's motion for summary judgment dismissing plaintiff borrower's complaint, granted summary judgment on its counterclaims to foreclose on a mortgage and its security interest in the building and for a deficiency judgment against additional counterclaim defendants guarantors (the Masons), and denied plaintiff and the Masons's cross motion to amend the complaint and their answers to the counterclaims, unanimously affirmed, without costs.
The claims sounding in unconscionability were properly dismissed, as the doctrine of unconscionability "may not be used as a basis for affirmative recovery" (Avildsen v Prystay, 171 AD2d 13, 16 [1st Dept 1991], lv dismissed 79 NY2d 841 [1992]). Even if plaintiff could properly assert the claims, the record does not support a finding that the note and mortgage were procedurally and substantively unconscionable at the time they were executed. It is undisputed that plaintiff was represented by counsel during negotiation of the transaction, and, aside from its conclusory allegations, plaintiff has not shown how the contract terms were so unreasonable as to render them unenforceable (see Gillman v Chase Manhattan Bank, 73 NY2d 1, 10-12 [1988]; Matter of State v Avco Fin. Serv. of New York Inc., 50 NY2d 383, 390 [1980]).
General contractual disclaimers do not bar fraud claims (Danann Realty Corp. v Harris, 5 NY2d 317, 320-321 [1959]). Nevertheless, plaintiff failed to state a claim for fraudulent inducement, as it did not plead justifiable reliance. The allegations that defendant failed to advise plaintiff that it would be in default of the original 2018 note and mortgage, and that defendant would include the amounts owed upon that default in the subject 2020 note and mortgage, were contradicted by the express terms of the 2020 loan documents (see A-Pix, Inc. v SGE Entertainment Corp., 222 AD2d 387, 389-390 [1st Dept 1995]).
As to defendant's counterclaims to foreclose on the mortgage and its security interest in the property and for a deficiency judgment against the Masons, defendant established its prima facie entitlement to summary judgment on those claims by submitting the note, mortgage, and guaranty, and evidence of plaintiff's and the Masons's default on their obligations (see Benefit St. Partners Operating Partnership, L.P. v 96 Wythe Acquisition LLC, 191 AD3d 520, 521 [1st Dept 2021]; see also Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). In opposition, plaintiff and the Masons failed to raise a triable issue of fact.
The court providently exercised its discretion in denying plaintiff and the Masons's cross motion for leave to amend their pleadings because the proposed amendments were palpably insufficient (see 1781 Riverside LLC v Hidalgo, 209 AD3d 418, 419 [1st Dept [*2]2022]). Even if plaintiff and the Masons were permitted to assert the affirmative defense of unconscionability in their answers to the counterclaims, that defense would be unavailing. The proposed amendments to plaintiff's fraud claim were also deficient because the alleged misrepresentations were either, contradicted by the express terms of the note and mortgage (A-Pix, Inc., 222 AD2d at 389-390), or barred by the parol evidence rule (see Glenfed Fin. Corp., Commercial Fin. Div. v Aeronautics & Astronautics Servs., 181 AD2d 575, 576 [1st Dept 1992]; Manufacturers Hanover Tr. Co. v Trans Nat. Communications, Inc., 36 AD2d 709, 710 [1st Dept 1971]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023