Brandsway Hospitality, LLC v Delshah Capital LLC (2023 NY Slip Op 02586)

Brandsway Hospitality, LLC v Delshah Capital LLC

2023 NY Slip Op 02586

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Index No. 652637/13 Appeal No. 240 Case No. 2022-04043 

[*1]Brandsway Hospitality, LLC., Also Known as Brandsway Hospitality, Plaintiff-Appellant,
v
Delshah Capital LLC, Defendant-Respondent, Michael J. Shah, Nonparty Respondent.

Fishman Decea & Feldman, Armonk (Thomas B. Decea of counsel), for appellant.
Woods Oviatt Gilman LLP, Buffalo (William F. Savino of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about January 10, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to file a fourth amended complaint to add a second cause of action to pierce the corporate veil of defendant and hold its principal, nonparty Michael J. Shah, liable for breach of contract, unanimously affirmed, with costs.
Supreme Court providently denied the motion to amend (CPLR 3025[b]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). Plaintiff alleged in the first and second amended complaints, filed in 2014, that defendant wrongfully diverted business funds from the restaurant at issue to defendant's other projects — the alleged basis for holding Shah individually liable for defendant's breach of contract — and acknowledged in its April 2016 responses to interrogatories that it knew about defendant's use of funds for other facilities. Plaintiff then waited until October 2021, almost two years after filing the note of issue, to seek leave to pierce the corporate veil, without proffering an excuse for the delay (see Cseh v New York City Tr. Auth., 240 AD2d 270, 272 [1st Dept 1997]; Sutton Apts. Corp. v Bradhurst 100 Dev. LLC, 160 AD3d 508, 509-510 [1st Dept 2018]; Barry v Clermont York Assoc. LLC, 144 AD3d 607, 608 [1st Dept 2016]). The court appropriately found that the need for plaintiff to prove abuse of the corporate form would entail substantial discovery and lead to further delay (see Ness Tech. SARL v Pactera Tech. Intl. Ltd., 180 AD3d 607, 608 [1st Dept 2020]).
In addition, the proposed amendment is palpably insufficient as a matter of law (see 1781 Riverside LLC v Hidalgo, 209 AD3d 418, 419 [1st Dept 2022]). There is no independent cause of action to pierce the corporate veil (see Chiomenti Studio Legale, L.L.C. v Prodos Capital Mgt. LLC, 140 AD3d 635, 636 [1st Dept 2016]; Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]), and a breach of contract claim, without more, "does not constitute a fraud or wrong warranting the piercing of the corporate veil" (Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12 [1st Dept 2016], affd 31 NY3d 1002 [2018]; see Kahan Jewelry Corp. v Coin Dealer of 47th St. Inc., 173 AD3d 568, 569 [1st Dept 2019]). To the extent plaintiff sought to allege that defendant or the restaurant's financial records were manipulated after this action was commenced, such allegation is not relevant to the
single breach of contract claim that survived the parties' summary judgment motions (see Brandsway Hospitality, LLC v Delshah Capital LLC, 173 AD3d 457, 458 [1st Dept 2019]; see also Matter of Morris, 82 NY2d at 141).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023