**475 Bldg. Co. LLC v Ledy-Gurren, Bass & Siff, LLP**

2024 NY Slip Op 31490(U)

April 26, 2024

Supreme Court, New York County

Docket Number: Index No. 157705/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**475 Bldg. Co. LLC v Ledy-Gurren, Bass & Siff, LLP**

2024 NY Slip Op 31490(U)

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. DAVID B. COHEN        PART        58

*Justice*

----------------------------------------------------------------------------------X

475 BUILDING COMPANY LLC,

           Plaintiff,

       - v -

LEDY-GURREN, BASS & SIFF, LLP and NANCY LEDY-
GURREN,

           Defendants.

----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157705/2020 |
| MOTION DATE | 11/09/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 33,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57,58,64,65,66,67,68,69,70, 71,72,73,74,75,76,77,78,79,80

were read on this motion to/for             JUDGMENT-SUMMARY            .

This is an action to recover unpaid rent and attorney's fees under a commercial lease and personal guaranty. Defendant Ledy-Gurren moves pursuant to CPLR 3212 for an order granting her summary judgment and declaring that her maximum liability under the personal guaranty is $45,275.22, dismissing plaintiff's claims for costs and attorneys' fees, and severing the claims against her in her personal capacity.

Plaintiff opposes and cross-moves for an order granting it summary judgment and awarding it $125,000, plus pre-judgment interest, cost, fees, disbursements, and attorneys' fees against Ledy-Gurren in her personal capacity, striking her affirmative defenses and cross-claims, and severing all remaining claims against defendant Ledy-Gurren, Bass, & Siff, LLP (the Firm). Ledy-Gurren opposes the cross-motion.

**157705/2020 475 BUILDING COMPANY LLC, vs. LEDY-GUREN, BASS, & SIFF, LLP**        **Page 1 of 8**
**Motion No. 001**

1 of 8

## I.    BACKGROUND & PROCEDURAL HISTORY

Plaintiff commenced separate actions against defendants the Firm and Ledy-Gurren in her personal capacity (Managing Partner) for unpaid rent and attorneys' fees. By Order dated September 27, 2021, these matters were consolidated into one action (NYSCEF 42).

The following facts are undisputed (NYSCEF 35, 64, 68, 69, 71): plaintiff was the landlord and the Firm was the tenant of the 27th floor of the building located at 475 Park Avenue South pursuant to a lease dated October 26, 2007 (lease). The lease required a $125,000 security deposit, secured by a letter of credit from the Firm's issuing bank.

Article 38 of the lease, entitled *Security Deposit*, states;

> Section 38.01…. Tenant agrees that, in the event that Tenant defaults, after any applicable notice and expiration of any applicable cure period, in respect of any of the terms, provisions and conditions of this Lease (including the payment of minimum rent and additional rent), Landlord may notify the "Issuing Bank" (as such term is defined in Section 38.02) and thereupon receive all of the monies represented by the said Letter of Credit and use, apply, or retain the whole or any part of such proceeds to the extent required for the payment of any rent, additional rent, or any other sum as to which Tenant is in default, or for any sum that Landlord may expend or may be required to expend by reason of Tenant's default.

Two years later, plaintiff and the Firm amended the lease on October 15, 2009 (first amendment). Paragraphs two to four of the amended lease provide:

> 2. Tenant acknowledges that Tenant has failed to pay rent in the amount of $45,275.32 for the month of October 2009, consisting of the minimum rent in the amount of $41,708.33, electricity rent inclusion in the amount of $2,919.58, porters wage escalation in the amount of $625.63, I.D. cards in the amount of $20, and sales tax in the amount of $1.78 (collectively, the "Rent Arrears")
>
> 3. Upon the execution of this Agreement by Tenant , Landlord shall be entitled to draw upon the existing letter of credit in the amount of $125,000 ("the Letter of Credit") and apply same as follows: (i) $45,275.32 shall be applied in full satisfaction of the Rent Arrears, and (ii) $79,724.68 shall be held by Landlord as security in accordance with the terms of Article 38 of the Lease (the "Security Deposit").

**157705/2020   475 BUILDING COMPANY LLC, vs. LEDY-GUREN, BASS, & SIFF, LLP**          **Page 2 of 8**
**Motion No.  001**

2 of 8

4. Commencing on December 1, 2009, Tenant by written notice to Landlord in accordance with the Lease, shall have the right to require Landlord to further apply the balance of the Security Deposit in the amount of $79,724.68 to the payment of rent due on December 1, 2009, the rent due on February 1, 2010, or the rent due on the first (1st) day of any two (2) nonconsecutive months commencing from and after March 1, 2010, including, in each case, the minimum rent, electricity rent inclusion, porters wage escalation and any other additional rent and charges then due and payable under the Lease. Tenant's right to elect to cause Landlord to apply the balance of the Security Deposit as above provided shall be conditioned upon there being no uncured default in the payment of rent at the time of such election is made (e.g., Tenant shall have paid the Landlord the rent due on November 1, 2009 in order to cause Landlord to apply the balance of the Security Deposit to the December rent). To the extent that the remaining Security Deposit is insufficient to pay the rent in full for the month's rent to which such election is applicable, the shortfall shall be due and payable on the first of the month in accordance with the Lease.

The first amendment also included a personal guaranty from the Managing Partner, as follows:

2. Guarantor hereby unconditionally guarantees to Landlord the full, prompt and complete payment of the minimum rent, additional rent and all other charges and sums due and payable by Tenant under the Lease. Notwithstanding the foregoing, Guarantor's liability for the minimum rent, additional rent and other charges and sums due and payable by Tenant under the Lease shall not exceed the amount of $125,000 less the amount of the balance of the Security Deposit which has not been applied to the payment of the rent by Tenant in accordance with the First Amendment of Lease (the "Guaranteed Amount").

Following the first amendment, the Firm never directed plaintiff to apply any portion of the security deposit to rent that became due, nor is there any allegation of default during this period.

On May 21, 2018, plaintiff and the Firm again amended the lease (second amendment)., which extended the lease through September 30, 2029, and included a confirmation of the guaranty (NYSCEF 45, 46).

**157705/2020   475 BUILDING COMPANY LLC, vs. LEDY-GUREN, BASS, & SIFF, LLP**
**Motion No.  001**                                                                    **Page 3 of 8**

3 of 8

In July 2020, after the Firm allegedly defaulted on rent payments beginning in March 2020, plaintiff applied the remaining security deposit held in their possession ($79,724.88) toward rent arrears in July 2020 (NYSCEF 65 at 21, 27).

## II.      LEDY-GURREN'S MOTION

A party moving for summary judgment under CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).  The "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

Once the moving party has met this prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact (*Alvarez*, 68 NY2d at 324).  The moving party's "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*id.*).

### A.      Liability under the guaranty

The Managing Partner argues that her liability under the guaranty is limited to the difference between the security deposit amount in plaintiff's possession when the first amended lease began ($79,724.88) and the original security deposit amount of $125,000, less any amount the Firm directed to be applied to rent.

Plaintiff contends that under the guaranty, the Managing Partner is liable for the full $125,000 original security deposit amount, even after plaintiff applied the $79,724.88 security deposit toward rent arrears in July 2020, minus any remaining deposit amount.

**157705/2020   475 BUILDING COMPANY LLC, vs. LEDY-GUREN, BASS, & SIFF, LLP**          **Page 4 of 8**
**Motion No.  001**

4 of 8

"Where a contract was negotiated between sophisticated, counseled business people negotiating at arm's length, courts should be especially reluctant to interpret an agreement as impliedly stating something which the parties specifically did not include…. Consistent with New York law, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Donohue v Cuomo*, 38 NY3d 1, 12-13 [2022] [internal quotation marks and citation omitted]).

Moreover, it is well settled that "a guaranty is to be interpreted in the strictest manner, particularly in favor of a private guarantor and cannot be altered without the guarantor's consent" (*Lo-Ho LLC v Batista*, 62 AD3d 558, 559 [1st Dept 2009] [internal quotation marks and citation omitted]).

Here, the guaranty clearly and unambiguously provides that the guarantor's liability is no more than $125,000, minus the amount of the security deposit balance which had not been applied to the payment of rent as directed by the Firm in accordance with the first amended lease. In other words, the guarantor is liable for $125,000 if the Firm did not direct plaintiff to apply the security deposit balance to overdue rent, minus the remaining security deposit balance. As it is undisputed that the Firm never so directed, the Managing Partner is liable for the $125,000 deposit minus the remaining balance of the security deposit.

Plaintiff's interpretation that there is an implicit "landlord's election" in the guaranty is unavailing, as the parties' agreements are clear and unambiguous (*see Tomhannock, LLC v Roustabout Resources, LLC*, 33 NY3d 1080, 1082 [2019] ["Under long-standing rules of contract interpretation, where the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract"]). The guaranty gave the Firm the right to increase the Managing Partner's personal liability, not plaintiff.

**157705/2020   475 BUILDING COMPANY LLC, vs. LEDY-GUREN, BASS, & SIFF, LLP**          Page 5 of 8
**Motion No. 001**

5 of 8

[* 5]

Thus, while plaintiff's application of the security deposit to rent arrears was not improper under the terms of the lease and amendments, the clear language of the guaranty does not provide a "landlord election" that would allow plaintiff to unilaterally increase the Managing Partner's personal liability (*see 404 Park Partners, L.P. v Lerner*, 75 AD3d 481, 482 [1st Dept 2010] [changes to guaranty require guarantor consent]).

Accordingly, the portion of the Managing Partner's motion related to her liability under the guaranty is granted to the extent of declaring that her liability is limited to the maximum amount of $45,275.22.

### B.       Plaintiff's entitlement to attorneys' fees

Ledy-Gurren argues that plaintiff's claim for attorneys' fees should be dismissed because the instant litigation is vexatious and aimed at "churning unwarranted attorney's fees." Plaintiff opposes, relying on the terms of the guaranty. Neither party support their arguments with relevant caselaw.

"It is well settled in New York that attorneys' fees are considered an incident of litigation and are not recoverable unless authorized by statute, court rule, or written agreement of the parties (*Reif v Nagy*, 175 AD3d 107, 131 [1st Dept 2019] [internal citations omitted]).

Here, the guaranty provides that the guarantor shall pay plaintiff's attorneys' fees incurred in enforcing the guaranty and collecting any judgment in any action or proceeding brought by plaintiff. As there is no exception in the guaranty for "vexatious litigation," Ledy-Gurren does not demonstrate that plaintiff has no claim for attorneys' fees, and her motion to dismiss this claim is denied.

**157705/2020   475 BUILDING COMPANY LLC, vs. LEDY-GUREN, BASS, & SIFF, LLP**                    **Page 6 of 8**
**Motion No.  001**

6 of 8

### III.     PLAINTIFF'S CROSS-MOTION

As discussed above, plaintiff is entitled to attorneys' fees incurred in enforcing the guaranty and obtaining a judgment against Ledy-Gurren.  However, as plaintiff has not provided any proof as to the amount of its incurred attorneys' fees, that portion of its motion is reserved for further submissions.

Finally, plaintiff's motion to strike the Managing Partner's affirmative defenses and cross-claims is granted without opposition (*see Benefit St. Partners Operating Partnership, L.P. v 96 Wythe Acquisition LLC*, 191 AD3d 520, 521 [1st Dept 2021] [affirmative defenses and counterclaims stricken where defendant failed to rebut evidence that they were waived]).

### IV.     CONCLUSION

Accordingly, it is hereby

ORDERED, that defendant Ledy-Gurren's motion is granted to the extent of declaring that her liability under the guaranty is limited to the sum of $45,275.22, and is otherwise denied; it is further

ORDERED, that plaintiff's cross-motion for summary judgment against Ledy-Gurren is granted to the extent of:

(1)     granting a judgment in plaintiff's favor and against Ledy-Gurren in the sum of $45,275.22, plus costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs in the sum of $_____, plus pre-judgment interest, from May 19, 2021, until the date of entry of judgment, at the statutory rate in the sum of $_____, for a total sum of $_____;

(2)     granting judgment on plaintiff's claim for attorneys' fees, with the amount to be determined upon plaintiff's submission of proof substantiating the amount claimed within 30

**157705/2020   475 BUILDING COMPANY LLC, vs. LEDY-GUREN, BASS, & SIFF, LLP**                **Page 7 of 8**
**Motion No.  001**

7 of 8

days of the date of this order, and Ledy-Gurren may submit written opposition, if any, within 20 days thereafter;

  (3)  granting judgment striking Ledy-Gurren's affirmative defenses and cross-claims; and

  (4)  severing all remaining claims against defendant Ledy-Gurren, Bass, & Siff, LLP; and it is further

  ORDERED, that the remaining parties appear for a settlement conference before Justice Cohen on August 7, 2024 at 11:00 am, in person, at 71 Thomas Street, Room 305, New York, New York.

20240426113043DCOHENDEFB975457E54B0F8D583768F8B67F41

| **04/26/2024** | | | |
|---|---|---|---|
| **DATE** | | **DAVID B. COHEN, J.S.C.** | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157705/2020 475 BUILDING COMPANY LLC, vs. LEDY-GUREN, BASS, & SIFF, LLP**
**Motion No. 001**

Page 8 of 8

8 of 8